Day, J.
The first question presented by the record is, whether the court erred in overruling the defendant’s demurrer to the second amended petition, on which the case was tried. The demurrer only brought in question the sufficiency of the case made in the petition. As the facts found by the court on the trial, and those stated in the petition are substantially alike, the same question is raised on the exception to the final judgment, and will therefore be determined by the disposition made of that assignment of error.
The second question made, is upon the overruling the defendant’s motion for a new trial. The grounds of the motion were, that the court admitted improper evidence offered by the plaintiffs on the trial, and that the findings of fact by the court were unwarranted by the evidence.
■ The insurance was procured by the agent of Mrs. Boyle of the secretary of the company. The evidence objected to was the conversation of the parties relating to the insurance at the time it was effected and after the loss. The ground of the objection was, that the evidence tended to vary the contract expressed in the policy. The evidence was offered for the purpose of showing the real understanding and meaning of the parties effecting the policy, and the object they sought to accomplish by it. It was claimed by the plaintiffs in their petition, that if the terms used iu the policy did not effect that object, it was the result of a mutual mistake, which they prayed to have corrected by a reformation of the policy. In this view of the case the evidence was clearly admissible ; for “ where an instrument, by mistake of the parties as to the legal effect of the terms used, fails to carry out their intention, relief may be afforded iu equity.” Evants v. Adm'r and Heirs of Strode, 11 Ohio, 480.
But aside from this aspect of the case, and regarding it as a *128 suit on the policy as written, it is by no means clear that the evidence was not admissible, for the conversation related not only to the object to be accomplished by the policy, but to the nature and extent of the interest to be insured, and to the knowledge of the parties in respect to the prox>erty to be insured, and the parties to be affected thereby.
Evidence of the circumstances that attend and surround the parties making a contract is competent, not for the purpose of contradicting or varying the instrument, but to place the court in the same situation in which the parties were who made it, to enable the court to interpret the contract in the light in which the parties viewed it, and to give the proper application of the words they have used to the object sought to be attained by it. Hildebrand v. Fogle, 20 Ohio, 147.
“ As a general rule, parol testimony cannot be received to add to, vary or contradict the terms of a written contract. * * * But whenever any ambiguity arises from extrincic matters, or when, from the language used, the object or extent of the contract cannot be determined, parol evidence is admissible to remove that ambiguity, and ascertain the object upon which the contract was designed to operate. It is a mere rule of interpretation, to find out the meaning of the written words as the parties used them. The difficulty in all cases of this character lies in the application of these general principles.” Hoyes v. Canfield, 27 Vermont, 85.
They are applied most liberally by courts in the interpretation of policies of insurance, to effect the real object of the contract in behalf of the parties interested, when the insurance is made in the name of an agent, a trustee, or by a party for whom it may concern, dependent upon the subsequent assent of the owner to the contract.
It is obvious from the policy, that the purpose of the parties was to secure somebody from loss of the property insured, by fire. “ Mrs. E. W. Boyle, Executrix,” is the only description of the party insured. The policy, then, runs to a party representing interests as a trustee ; but whose interest, the extent or character of the interest insured, cannot be ascertained without the aid of extrinsic evidence. *129 Without such evidence it cannot be known of whose estate Mrs. Boyle was executrix, nor whether her interest in the real estate of the testator, as executrix, was only such as creditors had in its preservation, or an interest of a definite kind created by the will of the testator. On this ground, then, the case was one in which it was proper to apply the rule-admitting extrinsic evidence, to make a proper application of the indefinite terms used in the policy, to effect the object intended by it. It would seem, then, that the evidence objected to was competent for this purpose.
Did the court err in overruling the motion for a new trial on the ground that the findings of fact were not sustained, by the evidence ? It is only necessary to say in reply to this question, that on a careful examination of the evidence, together with admissions of the pleadings, we think the-court was fully warranted in finding the facts as stated in the record. There was, therefore, no error in overruling" the motion on that ground.
The remaining objection to the judgment to be considered is, that it was contrary to law. The principal ground of this objection is, that Mrs. Boyle, as executrix, had no insurable interest in the property covered by the policy at the-time of the loss, as the personal estate of Boyle proved to be-much more than sufficient to pay the debts of the estate. There would be much force in this objection to a recovery, if the policy could be construed only as an insurance of the executrix, in behalf of the creditors of the estate of Boyle. But the terms of the policy are equally capable of another interpretation and application. It is to observed that the insurance was effected on real estate, not like personalty necessarily held in her representative capacity, and that the party insured, by the terms of the policy, is “ Mrs. E. W. Boyle, Executrix,” thus showing the object of the policy to be that of insuring her in a capacity as trustee, but without expressing the extent or character of the trust, nor its-beneficiaries. The sense then in which the term “ executrix was used was ambiguous, and, consequently, left to be determined by extrinsic evidence, from which it is clear, that the *130 parties used the term and understood its meaning to be equivalent to the phrase, “ for the benefit of the parties entitled to the estate of Stephen S. Boyle.” It is equally clear that it was not used in the narrow and limited sense now claimed by the company. To restrict it to this limited sense and thus reduce the policy from the substantial thing intended by the parties toa shadow, would not only do violence to their understanding when it was made, but would work a gross fraud upon the real parties intended to be assured.
If, then, without changing the language of the policy, the uncertain and equivocal terms it contains may be construed and applied in the sense in which they were used in the instrument by the parties that made it, there was no error in rendering judgment on it, in favor of the parties really assured under the name of ‘‘ Mrs. E. W. Boyle, executrix,” who, as executrix, acted for them and as their trustee. Without repeating them here, it is only necessary to refer to the numerous authorities cited by counsel in support of this conclusion.
But the decision of the case is placed by us on another ground. Whatever doubts may be entertained as to the propriety of rendering judgment on the policy as actually written, still the judgment cannot be reversed ; for, the case made in the petition, and the facts found by the court upon the evidence, warranted a reformation of the policy, according to the alternative prayer of the petition, so as to make it accomplish the object contemplated by the parties. This, we have seen, maybe done; and that under the old practice in equity, to prevent circuity of actions, full relief could be obtained in one suit. Under the provisions of the code, both a reformation of a contract, and final judgment on the merits of ■the controversy, may be had in the same action. This case was fully litigated by the parties in both aspects. The pleadings and findings of fact warranted the special relief ■and the final judgment sought by the plaintiffs. The final judgment to which the plaintiffs were entitled was rendered, omitting only a formal order of reformation of the contract. No exception was taken on' that ground at the time the *131 judgment was rendered. Nor will it avail now, for the defendant was not prejudiced thereby. It was but matter of form, for which a judgment cannot be reversed. Moreover, if a reviewing court were to reverse the judgment, as now asked, for want of an order reforming the contract, it would be tbe duty of tbe court to proceed, as authorized by the code, and render the order and judgment, on tbe facts found, to which tbe parties were entitled, which would result in the same judgment as that now complained of.
The point made on the defective preliminary proofs cannot avail; for, no objection being made when they were presented, and tbe claim being rejected on other grounds, it must be regarded as waived. If it bad been made at the time they were presented, the defects could then have been easily amended.
Motion overruled.
Scott, C. J., and Welch, White and McIlvaine, JJ., concurred.